**South Carolina Department of Probation, Parole and Pardon Services**
**Criteria For Parole Consideration**

SC Board of Probation, Parole and Pardon Services
P. O. Box 50666
Columbia, SC 29250

| Inmate Name *Thomas Lowery* | SCDC # *08 3240* |
|---|---|

EXHIBIT–A

## Criteria For Parole Consideration

The South Carolina parole law creates no right to be released on parole. Parole in South Carolina is strictly a matter of privilege or grace. The South Carolina Board of Probation, Parole and Pardon Services has absolute discretion to grant or deny parole. As such, the publication of these parole criteria in no way creates an expectancy of release; nor does it bind the Parole Board in any way to a favorable parole decision or establish any presumptions of entitlement to parole.

In deciding whether or not to grant parole, the Parole Board considers, among other things, the inmate's record before incarceration as well as during incarceration. The record itself is prepared through investigations conducted for the Parole Board, and it becomes a part of the inmate's parole file. These files are maintained by the Department of Probation, Parole and Pardon Services and are, by the statute, privileged and confidential. The confidentiality of the parole file is far reaching; inmates themselves have no right to inspect the contents of their files. If the inmate thinks his/her file is somehow incomplete or contains some error or other inaccuracy, he/she must notify the Board of the specific error or inaccuracy. The Board will investigate the inquiry and notify the inmate of the action taken.

Inmates do, however, enjoy certain rights in the parole process. The inmate has the right to appear at his parole hearing. If the inmate fails to appear, the Board may decide his/her case in absence. The inmate has the right to be represented by an attorney; however, he/she has no right to have an attorney appointed if he/she cannot afford one. At the hearing, the inmate has the right to present witnesses and evidence on his/her own behalf, but an inmate does not have a right to confront witnesses.

In deciding whether or not an inmate should be granted parole, the Board or Panel of the Board exercises its absolute discretion to the limits allowed by state and federal law. The discretion of the Board or panel aims at protecting the best interest of both society and the inmate being considered for parole. In its concern for the protection of society's and the inmate's best interests, the Board or Panel deliberates upon the "reasonable probability" that an inmate will not again violate the law, if parole is granted. When deliberating upon the reasonable probability that an inmate will not again violate the law, the Board or Panel weighs the factors listed below. The Board or Panel, in its absolute discretion, also considers any other factors not listed below which it considers relevant in a particular case.

1. The risk the inmate poses to the community;

2. The nature and seriousness of the inmate's offense, the circumstances surrounding the offense, and the inmate's attitude toward it;

3. The inmate's prior criminal records and his/her adjustment under any previous programs or supervision;

4. The inmate's attitude toward his/her family, the victim, and authority in general;

5. The inmate's adjustment while in confinement, including his/her progress in counseling, therapy, and other similar programs designed to encourage the inmate to improve himself/herself;

6. The inmate's employment history, including his/her job training and skills and his/her stability in the work place;

7. The inmate's physical, mental and emotional health;

8. The inmate's understanding of the cause of his/her past criminal conduct;

9. The inmate's efforts to solve his/her problems, such as seeking treatment for substance abuse, enrolling in academic and vocational education courses, and in general using whatever resources the Department of Corrections has made available to inmates to help with their problems;

10. The adequacy of the inmate's overall parole plan. This includes inmates living arrangements, where he/she will live and who he will live with; the character of those with whom the inmate plans to associate in both his/her working hours and his/her off-work hours; the inmate's plans for gainful employment;

11. The willingness of the community into which the inmate will be released to receive the inmate;

12. The willingness of the inmate's family to allow him/her to return to the family circle;

13. The attitudes of the sentencing judge, the solicitor, and local law enforcement officers respecting the inmate's parole;

14. The feelings of the victim's family, and any witnesses to the crime about the release of the inmate;

15. Other factors considered relevant in a particular case by the Board.

### Reservation of Discretionary Power of the Parole Board

These criteria in no way limit the absolute discretion of the Parole Board or Panel to make parole decisions on a case-by-case basis and to grant or deny parole as it determines to be in the best interest of society and the inmate under review.

In some cases, the Board may decide that an inmate should be granted parole if the inmate completes one or more stated conditions. When this is the case, the Board may grant a parole that becomes effective when the inmate completes one or more stated conditions. Should the inmate disobey any rule or regulation of the South Carolina Department of Corrections before satisfying the stated conditions to make his parole effective, the Board may rescind the inmate's parole and treat the case as though parole had been rejected. In other cases, the Board may feel it needs more time to form its decision. In such cases, the Board may simply take the parole consideration under advisement and reschedule it at a later date. Similarly, the Board may postpone a parole hearing in order to dispose of detainers or pending charges.

If the Board rejects an inmate for parole, the inmate will be given written notice of rejection stating the reasons for rejection. Decisions of the Board have no precedential effect whatever and in no way limit the Board's absolute discretion at later parole hearings.

After rejection for parole, the procedure of scheduling of rehearing is as follows:

1. An individual serving time for a violent offense defined in §16-1-60 of the South Carolina Code of Laws 1976 will be reheard for parole two years following the date of parole rejections. Applicable legal exceptions may allow for a one year hearing.

2. An individual serving time for a nonviolent offense defined in §16-1-70 of the South Carolina Code of Laws 1976 will be reheard for parole one year following the date of parole rejections.

*I certify that the above material has been explained to me, and I have received a copy.*

| Inmate's Signature *X Thomas Lowery* | Date *2-6-08* | Witness *Dayshra R* | Date *2-6-08* |
|---|---|---|---|

Form 1212 Revision A   March 18, 2002 (Stock)

# State of South Carolina    Exhibit–B
# Department of Probation, Parole and Pardon Services

**MARK SANFORD**
Governor



**SAMUEL B. GLOVER**
Director

2221 Devine Street, Suite 600
Post Office Box 50666
Columbia, South Carolina 29250
Telephone: (803) 734-9220
Fax: (803) 734-9440
www.dppps.sc.gov

June 23, 2010

Mr. Thomas Lowery #00083240
Kershaw Correctional Institution
4848 Goldmine Hwy.
Kershaw, SC 29067

RE: NOTICE OF REJECTION

Dear Mr. Lowery:

It is my responsibility to inform you, on behalf of the South Carolina Parole Board, that the Board has reached a decision regarding your parole hearing. The Board hereby makes the following CONCLUSION OF LAW:

After careful consideration of: (1) the characteristics of your current offense(s), prior offense(s), prior supervision history, prison disciplinary record, and/or prior criminal record, as described in the findings of fact below; (2) the factors published in Department Form 1212 (Criteria for Parole Consideration); and (3) the factors outlined in Section 24-21-640 of the South Carolina Code of Laws, the Parole Board concludes that parole must be denied.

You will be notified 30 days prior to your next scheduled parole consideration date.

FINDINGS OF FACT:

Nature And Seriousness Of Current Offense
Indication Of Violence In This Or Previous Offense
Use Of Deadly Weapon In This Or Previous Offense

Sincerely,

Heyward A. Hinton

Heyward A. Hinton
Director of Hearings & Parole Board Support

6/23/2010

Exhibit-C

**State of South Carolina**
# Department of Probation, Parole and Pardon Services



| | | |
|---|---|---|
| **MARK SANFORD**<br>Governor | | **SAMUEL B. GLOVER**<br>Director |

2221 DEVINE STREET, SUITE 600
POST OFFICE BOX 50666
COLUMBIA, SOUTH CAROLINA 29250
Telephone: (803) 734-9220
Facsimile: (803) 734-9440

September 8, 2010

Mr. Thomas Lowery, #083240
Kershaw Correctional Institution
4848 Goldmine Hwy.
Kershaw, SC 29067

Dear Mr. Lowery:

I am writing this letter on behalf of the S.C. Board of Probation, Parole and Pardon.

The Parole Board heard your request for a rehearing on September 8, 2010. After thorough consideration, and after having reexamined the parole file, the Parole Board decided that the reasons stated in your request did not affect the decision of the Parole Board, and would not affect the decision of the Parole Board if they were to rehear your case. Your request for a rehearing was denied by the Parole Board. The Board's decision is final.

Sincerely,

*Heyward A. Hinton*

Heyward A. Hinton
Director of Hearings & Parole Board Support

Exhibit-D

# STATE OF SOUTH CAROLINA
## ADMINISTRATIVE LAW COURT

Thomas Lowery, #83240,        )      Docket No. 10-ALJ-15-0039-AP

                 )

       Appellant,      )

                 )      **ORDER OF DISMISSAL**

v.                  )

                 )

South Carolina Department of Probation,  )

Parole, and Pardon Services,       )

                 )

       Respondent.     )

On October 1, 2010, the Respondent South Carolina Department of Probation, Parole, and Pardon Services (hereinafter the Department) filed a Motion to Dismiss this matter with the Administrative Law Court (ALC or Court). The Department seeks a dismissal on the grounds that the Appellant failed to serve the Department with a copy of the notice of appeal, as required by ALC Rule 59.

The Court has jurisdiction to hear this matter under <u>Furtick v. S.C. Dep't of Probation, Parole and Pardon Services</u>, 352 S.C. 594, 576 S.E.2d 146 (2000) and its predecessor case, <u>Al-Shabazz v. State</u>, 338 S.C. 354, 527 S.E.2d 742 (2000). In <u>Al-Shabazz</u>, the S.C. Supreme Court stated outlined the administrative procedures applicable to certain inmate grievance appeals, and in <u>Furtick</u> the Supreme Court made those same procedures applicable to appeals from the Department of Probation, Parole, and Pardon Services. The procedures described in <u>Al-Shabazz</u> subsequently became adopted in the rules governing procedure in the Administrative Law Court.

Among the rules governing procedure before this court in inmate appeals matters is ALC Rule 59. ALC Rule 59 sets forth, in relevant part, that:

> The notice of appeal from the final decision to be heard by the Administrative Law Court shall be filed with the Court and a copy served on each party, including the agency, within thirty (30) days of receipt of the decision from which the appeal is taken.

This rule requires that the Appellant must serve the Department with a copy of the Notice of Appeal

# FILED

November 8, 2010

SC ADMIN. LAW COURT

Exhibit-D

within thirty (30) days of the Appellant's receipt of the final decision of the Department.

In this case, the Appellant certified to the court that he served the notice of appeal on the Department. The Department subsequently moved to dismiss, asserting that it never received service of the notice of appeal. The Appellant was given thirty (30) days to respond to the Department's motion. The Appellant failed to respond. Pursuant to Rule 204(e) of the South Carolina Appellate Court Rules, the "(f)ailure of a party to timely file a return may be deemed a consent by that party to the relief sought in the motion or petition." The court's own rule, ALC Rule 68, provides that "(t)he South Carolina Rules of Civil Procedure and the South Carolina Appellate Court Rules may, in the discretion of the presiding administrative law judge, be applied to proceedings before the Court to resolve questions not addressed by these rules." Applying these rules to this case, the Court deems that by failing to respond to the Department's motion to dismiss, the Appellant consented to the relief sought by the Department in its motion, and the court hereby dismisses this appeal.

**IT IS THEREFORE ORDERED** that the Respondent's Motion to Dismiss is **GRANTED. AND IT IS SO ORDERED.**

S. Phillip Lenski
Administrative Law Judge

November 8, 2010
Columbia, South Carolina

2

Exhibit-D

## **CERTIFICATE OF SERVICE**

I, R. Vance Eaton, hereby certify that I have this date served this Order upon all parties to this cause by depositing a copy hereof, in the United States mail, postage paid, in the Interagency Mail Service, or by electronic mail to the address provided by the party(ies) and/or their attorney(s).

_____
R. Vance Eaton
Law Clerk

November 8, 2010
Columbia, South Carolina

3

Exhibit-E

STATE OF SOUTH CAROLINA
ADMINISTRATIVE LAW COURT DIVISION

Thomas Lowery, 083240,

        Appellant,

        vs.

South Carolina Department
of Probation, Parole, and
Pardon Services,

        Respondent.

NOTICE OF APPEAL

Docket No.:00-ALC-

        Notice is hereby given that Thomas Lowery, 083240 does hereby appeal the final decision of the South Carolina Department of Probation, Parole, and Pardon Services dated September 8, 2010, and received on September 15, 2010, a copy of which is attached. A general statement of the grounds for appeal is SC Code Ann. § 1-23-380(A)(6):

Lowery states that the ALC has> jurisdiction to review the Parole Board's final decision not to grant him a rehearing that would affect the decision of the Parole Board dated June 23, 2010 because it failed to apply the criteria for parole as required by the state parole statutes, specifically § 24-21-640, and the factors published in department form 1212 (Criteria for Parole Consideration) in violation of his liberty interest; after-acquired information that would provide a realistic opportunity to participate in the parole program under a meaningful procedural parole process; and because his parole file is void of the South Carolina Department of Mental Health Form M-155A(Report of Finding Mental Capacity).

In this appeal Lowery challenge his parole file inaccuracy and incompletion by the Parole Board and assert that the Board has denied him a realistic opportunity to participate in the South Carolina Parole program and that such action by the Board is arbitrary and capricious, and in violation of the South Carolina Constitution Article 1, § 3, along with the 14th Amendment of the U.S. Constitution.

Lowery's parole file is void of any official Report of Finding Mental Capacity to determine whether or not he was capable of understanding the nature of the offenses, and was he capable of assisting counsel in his own defense, but more importantly, did he have the capacity or ability to differentiate right from wrong at the time of the offense, i.e. moral or legally right, or morally or legally wrong pursuant to SC Code Ann. §§ 44-23-410 and 44-23-430.

Lowery's parole file is void of SCDMH Forensic Evaluation for competency and criminal responsibility to determine whether or not he was criminally responsible pursuant to the McNaughten test to determine whether or not, because of mental disease or defect, he lacks sufficient capacity to conform his conduct to the requirement of the law pursuant to § 17-24-20.

Exhibit-E

The record will show that Lowery was 19 years old in May 1976, and and in September 1976 his guilty plea was entered into record; however, with his parole file void of the SCDMH Form M-155A, Report of Finding Mental Capacity to determine whether or not he was capable to enter a knowingly, intelligently voluntarily plea or the consequences of the nature of the offenses, the Board denied him a realistic opportunity to participate in the parole program.

Lowery request that his appeal has jurisdiction of the ALC regarding review of his matter, and that his appeal be granted. Lowery additionally request for leniency and commutation of his sentence to parole in his best interest as described in the findings of fact published in Department Form 1212, and the factors outlined in § 24-21-640 of SC Code of Laws.


s/ Thomas Lowery
Thomas Lowery, 083240                            September 27, 2010
HA257/KER.CI
4848 Goldmine Hwy.
Kershaw, SC 29067



Certificate of Service


I, Thomas Lowery, do hereby certify that I have this date served my notice of appeal to the Office of General Counsel at the Department of Probation, Parole and Pardon Services by depositing one copy of the same in the U.S. mail, first-class postage prepaid, and addressed as follow:

Teresa Knox,
Office of General Counsel
SCDPPPS
P.O. Box 50666
Columbia, SC 29250


September 27, 2010                          s/ Thomas Lowery
                                           Thomas Lowery, 083240


2 of 2.

Exhibit-F

STATE OF SOUTH CAROLINA
In The Administrative Law Court
Docket Number 10-ALJ-15-0039

APPEAL OF FINAL DECISION
Department of Probation, Parole, and Pardon Services

THOMAS LOWERY, #83240, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . APPELLANT

v.

S.C. DEPARTMENT OF PROBATION, PAROLE AND
PARDON SERVICES, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . RESPONDENT

## MOTION TO DISMISS

Respondent, the South Carolina Department of Probation, Parole and Pardon Services,

respectfully moves this Court to dismiss Appellant's appeal.  Appellant did not serve a copy of

his Notice of Appeal on Respondent,  pursuant to Rule 59 of the Rules of Procedure for the

Administrative Law Court. Therefore,  for failure to comply with the Rules of the Administrative

Law Court, the Respondent moves to Dismiss Appellant's appeal.

Respectfully submitted,

Tommy Evans, Jr.
**Legal Counsel**
South Carolina Department of Probation,
Parole and Pardon Services
P.O. Box 50666
Columbia, South Carolina 29250
(803) 734-9220

September 30, 2010

Exhibit-G

### STATE OF SOUTH CAROLINA
Administrative Law Court

Docket Number: 10P0039

APPEAL OF FINAL DECISION
SC Department of Probation, Parole and Pardon Services

Thomas Lowery, 083240                                 Appellant,

v.

SC Department of Probation,
Parole and Pardon Services,                           Respondent.

### APPELLANT'S BRIEF

### STATEMENT OF THE ISSUES ON APPEAL

1.     DID THE PAROLE BOARD FAIL TO REVIEW OR APPLY SOUTH CAROLINA
DEPARTMENT OF MENTAL HEALTH REPORT OF FINDING MENTAL CAPACITY
TO DETERMINE WHETHER APPELLANT UNDERSTOOD THE NATURE AND SERIOUSNESS
OF THE OFFENSE?

2.     IS THE APPELLANT'S PAROLE FILE VOID OF THE SOUTH CAROLINA DEPART-
MENT OF MENTAL HEALTH FORM M-155A REPORT OF FINDING MENTAL CAPACITY?

### STATEMENT OF THE CASE

The appellant is serving a life sentence since September 1976, upon a
guilty plea for murder. Appellant was 19 years old at the time of the offense.

Appellant appeared before the Parole Board on June 23, 2010. At the con-
clusion of this hearing the Parole Board denied the appellant an opportunity
to be released on parole. The appellant has appeared before the board an addi-
tional 22 times, each appearance resulting in a denial of parole, in which the
Parole Board denied parole due to nature and seriousness of the current offense;
use of deadly weapon in the commission offense; and violence in current offense.
Upon being notified of his most recent denial the appellant contacted the Parole
Board requesting reconsideration of after-acquired information. The Parole Board
reexamined the appellant's file. Upon conclusion of this reexamination of his
file, the board determined that the reasons for request for reconsideration did
not effect the original decision of the Parole Board. Since it did not effect
the original decision, a rehearing would create an identical result, and the board

1

Exhibit—G

denied the request for reconsideration on September 8, 2010, in which appellant received on September 15, 2010.

As a result of this parole procedure the appellant filed a notice of appeal before the ALC. His brief follows.

ARGUMENTS

1. THE PAROLE DID FAIL TO REVIEW OR APPLY SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH REPORT OF FINDING MENTAL CAPACITY TO DETERMINE WHETHER APPELLANT UNDERSTOOD THE NATURE AND SERIOUSNESS OF THE OFFENSE.

The Parole Board did not make a finding of mental capacity in appellant's hearing or the past 22 additional hearings whether he had the capacity to understand the consequences of the nature of the offense, or whether he had the capacity or ability to differentiate right from wrong at the time of the offense, i.e. moral or legally right, or morally or legally wrong pursuant to SC Code Ann. §§ 44-23-410 and 44-23-430. As a result of this failure to review or apply the SCDMH Report of Finding Mental Capacity to determine whether appellant understood the nature and seriousness of offense, the board intentionally or purposefully treated appellant unfavorable in violation of the SC Constitution Article 1, § 3, along with the 14th Amendment of the U.S. Constitution Equal Protection Clause. Amendment 14 reads in relevant part:

Amendment 14, § 1, "....No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Also See: S.C. Code Ann., § 1-23-380(A)(6)(a)(f).

Appellant has a constitutional right to a meaningful and ideal examination of his parole file by the board to consider and determine his release on parole based on a property interest. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985); (stating that constitutionally protected property interests are created and defined by statute, ordinance, contract, implied contract, rules and understandings developed by state officials). See; S.C. Code Ann. § 24-21-640, which certainly provides a constitutional right to a fair parole procedure and to be free from arbitrary government action that may deprive appellant of life, liberty or property. Perry v. Sinderman, 408 U.S. 593, 601-03 (1972). Also See: factors published in SCDPPPS form 1212 (Criteria for Parole Consideration).

In addition, the board made no finding of facts that this Court could substitute its judgment, it has not disclosed anything that could be phrased as findings or inferences, and its conclusion were not supported by any evidence, much more or less substantial evidence. This is precisely why appellant appeal to seek an Order compelling the board to apply the correct statutory parole granting criteria, utilize the correct statutory "consideration criteria," "inform him of its findings, inferences and conclusions" free from an adversary procedure.

2.   THE APPELLANT'S PAROLE FILE IS VOID OF THE SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH FORM M-155A REPORT OF FINDING MENTAL CAPACITY.

Appellant's parole file is void of any information of his mental capacity to understand the nature and seriousness of the offense. In addition, his parole file is void of any current behavior problems in nexus to the nature and seriousness of offense.

The parole file must include consideration of what the entire record shows up to the time of the sentence; the gravity of the offense; and record during confinement is critical in the board's exercise of discretion. These rules and understandings are developed by state officials, thus, a created constitutionally protected property interest. <u>Perry v. Sinderman</u>, 408 U.S. 593, 601-03 (1972).

SCDMH Forensic Evaluation for criminal responsibility to determine whether or not appellant was criminally responsible pursuant to the <u>McNaughten</u> test to determine whether or not he suffered a mental disease or defect, or if he lacked sufficient capacity to conform his conduct to the requirement of the law pursuant to §17-24-20, of SC Code of Laws is vital for the board's decision-making free from abuse of discretion. Twenty-two (22) times the board has denied the appellant parole due to "nature and seriousness of offense." Thus, amounting to cruel or unusual punishment in violation of SC Constituion Article 1, § 15, and the 8th Amendment of the U.S. Constitution. Amendment 8 reads in relevant part:

"...nor cruel and unusual punishments inflicted."

Twenty-two (22) denials of parole is a grave potential for cruel and unusual punishment inflicted by the board in the capacity of an adversary official. Again, the board intentionally or purposefully treated appellant unfavorable compared to some convicted murderers that were paroled by the board, because there

Exhibit-G

parole file. The appellant's parole file is void of information. See: § 1-23-380(A)(6)(a)(e)(f), and Amendment 14, §1, of the Equal Protection Clause.

The appellant asserts that the identical reasons used at the conclusion of each hearing does matter, because the board's decision is arbitrary or capricious and clearly unwarranted when it is grossly disproportionate to some convicted murderers that were paroled by the board in its official capacity.

## CONCLUSION

For the foregoing reasons or the reasons established in Appellant's Brief and all documents on file with this Court, this Court should find that it has jurisdiction of this matter, deny Respondent's Motion to Dismiss dated September 30, 2010, in which he received a copy of the same on October 5, 20-10, because appellant's notice of appeal and certificate of service is considered file on the date that it delivered to prison officials for deposit in the U.S. mail as shown by the institutional mail room date stamp, hold a hearing into this matter, oral arguments, and grant the relief requested by appellant, along with any such other and further relief this Court deems fair and reasonable.

Respectfully submitted,

Thomas Lowery, o83240
KER.CI HA257
4848 Goldmine Hwy.
November 8, 2010                           Kershaw, SC 29067

4

Exhibit—G

STATE OF SOUTH CAROLINA
Administrative Law Court

Docket Number: 10PO0039

APPEAL OF FINAL DECISION
SC Department of Probation, Parole and Pardon Services

Thomas Lowery, 083240,                          Appellant,

v.

SC Department of Probation,
Parole and Pardon Services,                     Respondent.

CERTIFICATE OF SERVICE

I, Thomas Lowery, 083240, the Appellant, certify that I have served the
herein Appellant's Brief dated November 8, 2010, on Respondent by depositing
a copy of the same in the U.S. mail, this 8th day of November, 2010, postage
prepaid, addressed to Respondent:

Deputy Director of Legal Services
SCDPPPS
P.O. Box 50666
Columbia, SC 29250

I further certify that all parties required to be served have been served.

s/ Thomas Lowery
Thomas Lowery, 083240
KER.CI HA257
4848 Goldmine Hwy.
Kershaw, SC 29067