**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| Thomas Lowery,   #083240,   )<br>                                                   )<br>                         Petitioner,   )<br>                                                   )<br>v.                                              )<br>                                                   )<br>SC Department of Probation Parole  )<br>and Pardon Services; Cecilia             )<br>Reynolds Warden Ker. CI,               )<br>                                                   )<br>                         Respondent.   )<br>_____) | Civil Action No. 3:10-3011-TLW -JRM<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Thomas Lowery ("Lowery"), is an inmate at the South Carolina Department of Corrections serving a sentence of life imprisonment for murder and ten years for grand larceny. He filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 29, 2010 challenging the latest decision of the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS") denying his parole. The Warden of Kershaw Correctional Institution is also named as a Respondent, in addition to SCDPPPS.

Respondents filed a motion for summary judgment on January 19, 2011. Because Lowery is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on January 20, 2011, explaining to him his responsibility to respond to the motion for summary judgment. Lowery filed a response on February 9, 2010. Lowery filed a "Supplemental Affidavit" on February 10, 2011. A review of the record revealed that Respondents had not provided the state court record upon which parole was denied and Lowery's appeal of that decision.

1

Therefore, an order was entered on March 4, 2011, pursuant to Habeas Rule 8, requiring Respondents to provide the relevant records. A second motion for summary judgment supported by the state court record was filed on March 7, 2011. Another <u>Roseboro</u> order was also issued. Lowery filed a response on March 22, 2011. He filed a motion for summary judgment on April 26, 2011.

## Background and Procedural History

The record shows:

1. Lowery was convicted in 1976;

2. Lowery received periodic parole hearings before SCDPPPS beginning in 1985, and parole has been denied each time;

3. Lowery's last parole hearing was held on June 23, 2010. A "Parole Case Summary" was prepared by SCDPPPS in advance of the hearing which recommended that parole be denied.

4. By letter of June 23, 2010, Lowery was advised that his request for parole had been denied. The letter stated in part:

    After careful consideration of: (1) the characteristics of your current offenses(s), prior offense(s), prior supervision history, prison disciplinary record, and/or prior criminal record, as described in the findings of fact below; (2) the factors published in Department Form 1212 (Criteria for Parole Consideration); and (3) the factors outlined in Section 24-21-640 of the South Carolina Code of Laws, the Parole Board concludes that parole must be denied.

5. Lowery's request for a rehearing was denied by letter of SCDPPPS dated September 8, 2010.

6. Lowery filed a notice of appeal with the South Carolina Administrative Law Court ("ALC") dated September 27, 2010.

7. SCDPPPS filed a motion to dismiss the appeal due to Lowery's failure to follow

South Carolina procedural rules.

8. Lowery was sent notification that he had thirty days to respond to SCDPPPS's motion.

9. When Lowery did not file a timely response, SCDPPPS's motion to dismiss was granted by order dated November 8, 2010.

## Grounds for Relief

In his present petition, Lowery asserts he is entitled to a writ of habeas corpus on the following grounds:

**GROUND ONE:** My parole file is void of the South Carolina Department of Health Form M-155A Report of Finding Mental Capacity to determine whether I understood the nature and seriousness of offense.

Supporting Facts: I have appeared before the parole board an additional 22 times, each appearance resulting in a denial of parole, in which the parole board denied parole due to nature and seriousness of current offense; use of deadly weapon in commission of offense; and violence in current offense. SCDPPPS Form 1212 (Criteria for Parole Consideration Exhibit - A) states; in deciding whether or not to grant parole, the Parole Board considers, among other things, the inmate's record before incarceration as well as during incarceration. The record itself is prepared through investigations conducted for the parole board, and it becomes part of the inmate's file.

**GROUND TWO:** The parole board intentionally or purposefully treated me unfavorable when it failed to review or apply South Carolina Department of Mental Health report of Finding Mental Capacity during my parole process.

Supporting Facts: I appeared before the parole board on June 23, 2010, and at the conclusion of this hearing the parole board denied me an opportunity to e released on parole. SCDPPPS Form 1212 (Exhibit-A states; If the inmate thinks his file is somehow incomplete or contains some error of other inaccuracy, he must notify the board of the specific error or inaccuracy. Upon my request for rehearing on after-acquired information, the parole board denied my request for rehearing (Exhibit-C). (Attached and incorporated herein is Notice of Rejection Exhibit-B, dated June 23, 2010).

**GROUND THREE:** The State of South Carolina Administrative Law Court erroneously dismissed my appeal when it granted Respondent's Motion to Dismiss my notice of appeal on the grounds that appellant failed to serve the Department with a copy of the notice of appeal, as required by ALC Rule 59.

Supporting Facts: Administrative Law Judge S. Phillip Lenski abitrary or capriciously dismissed my appeal on November 8, 2010 (Order of Dismissal, Docket No. 10-ALJ-15-0039-AP, Exhibit-D) without considering that I do not have any control over the mail, and when I put the notice of appeal along with the certificate of service in the mail for deposit in the U.S. mail, it's considered file or delivered to officials by the institutional mailroom officials. A matter beyond my control, (Attached and incorporated herein is Notice of Appeal and Certificate of Service on Teresa Knox, Office of General Counsel, SCDPPPS, Exhibit-E; and Respondent's Motion to Dismiss, dated September 30, 2010, Exhibit-F). The Court nor the Respondent gave me anything providing 30 days to respond to Department's motion (Exhibit-F).

## Discussion

1.      Exhaustion

A state prisoner may seek habeas relief either through 28 U.S.C. § 2241 or § 2254. Although the exhaustion provisions codified under § 2254 are not contained in § 2241, the exhaustion requirement "applies to all habeas corpus actions." Fain v. Duff, 488 F.2d 218, 223 (5th Cir.1973). This doctrine, based on principles of comity, requires that, before a federal court will review allegations of constitutional violations by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See* Pickard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1976).

In Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (2000), the South Carolina Supreme Court addressed state procedures to be used by inmates who wish to challenge their convictions or sentences and those who wish to challenge "non-collateral matters." Generally, inmates who wish to challenge the constitutionality of their convictions or sentences are required to file an application

for post-conviction relief in the Court of Common Pleas and, if no relief is granted, seek review by filing a petition for writ of certiorari in the South Carolina Supreme Court. The Supreme Court in Al-Shabazz provided a different path for inmates who wished to seek review of "non-collateral and administrative matters decided by" SCDC. *Id.* at 754. The Supreme Court held that an inmate, after completing the SCDC grievance procedure, could seek review by filing an appeal with the Administrative Law Judge Division ("ALJD").[1]  Review of parole decisions goes through the ALC. James v. South Carolina Department of Probation, Parole and Pardon Services, 376 S.C. 392, 656 S.E.2d 399, 400-403, n. 3 (S.C.Ct.App. 2008). *Id.* at 754.  Last, the inmate can seek "appellate review of a final judgment of the ALC in the manner prescribed for civil cases. S.C.Code Ann. § 1-23-390 (1986)." *Id.* at 756. Hendricks v. Cohen, 2009 WL 536566, 3 (D.S.C.)

Lowery's third ground for relief is not cognizable as a habeas claim.  However, the allegations may be considered as an argument of cause and prejudice for failing to complete the exhaustion of his claims.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim.  In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986).  A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials.  Murray v. Carrier; Clozza v. Murray, 913 F.3d

---

[1] The ALJD is an executive branch entity created by the legislature to review agency decisions. See S.C.Code Ann. §§ 1-23-500, *et. seq.* It is now called the Administrative Law Court ("ALC").

1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996).

The undersigned finds that Lowery has not shown cause or prejudice with respect to his failure to follow state procedural rules. His argument in Ground 3 of the present petition is that he failed to receive the ALC order allowing him 30 days to respond to the SCDPPPS's motion that he failed to properly serve a notice of appeal on SCDPPPS. Lowery's mistake was the failure of service, not the failure to respond to the motion to dismiss filed with the ALC by SCDPPPS.

    2.    Merits

Even if Lowery's remaining grounds were properly before this Court, he would not be entitled to relief. In South Carolina eligibility for parole is determined by statute. *See* S.C.Code Ann. § 24-21-610, *et. seq.* Even if the South Carolina parole statutes create a liberty interest, an inmate is only entitled to minimal due process protections. Wolff v. McDonnell, 418 U.S. 539 (1974). In the letter notifying Lowery of the denial of his parole, SCDPPPS stated that it had considered the factors contained in § 22-21-640 and factors listed in SCDPPPS's "Criteria for Parole" consideration. A form given to Lowery prior to the hearing which is part of the record, states those criteria, one of which is "(t)he inmate's physical, mental, and emotional health."

In Ground 1, Lowery appears to allege that the parole hearing violated his due process rights because his file did not contain a "South Carolina Department of [Mental] Health Form M-155A Report of Finding of Mental Capacity." In an "Explanation of the Facts" filed with this Court on February 9, 2011, Lowery again refers to the SCDMH form and cites S.C.Code Ann. §§ 44-23-410 and 44-23-430. These statutes provide for competency examinations and hearings prior to the trial

of a criminal case. Lowery does not allege that he ever had a competency examination or hearing and refers to nothing in the record to suggest that these procedures were utilized in his case. If there was no competency examination, it follows that no form would exist. If such a form does exist, it would be Lowery's responsibility to provide it to the Parole Board.

Ground 3 in the present petition asserts a denial of rights based on the denial of a rehearing on grounds the above discussed form was not in Lowery's file. Ground 2 does not state a cognizable claim for habeas relief.

## Conclusion

The undersigned concludes that Petitioner's claims are procedurally barred because Lowery failed to properly exhaust them. Even if considered on the merits, Petitioner is not entitled to a writ of habeas corpus from this Court. It is, therefore, recommended that Petitioner's motion for summary judgment be **denied** and that Respondents' motions for summary judgment be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

July 11, 2011

**The parties are referred to the Notice Page attached hereto**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).